# UNITED STATES DISTRICT COURT
## Eastern District of California

## Second Superseding Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:** Ryan Taylor **Docket Number:** 0972 2:19CR00078-01

**Name of Judicial Officer**: United States District Judge John A. Mendez

**Date of Original Sentence:** 3/16/2016

**Original Offense:** 18 U.S.C. §§ 1029(a)(2) and 1029(c)(1)(A)(i), Credit Card Fraud (CLASS C Felony) and 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft (CLASS E Felony)

**Original Sentence:** 40 months custody Bureau of Prisons; 36-month term of Supervised Release (TSR); Mandatory UA; No firearms; DNA collection; $200 special assessment; $4,210.99 restitution

**Special Conditions:**

1. Financial Disclosure
2. Drug/Alcohol Treatment
3. Inpatient Drug Treatment

**Type of Supervision:** TSR

**Date Supervision Commenced:** 12/6/2017

**Other Court Actions:**

04/24/2019: Prob 12C Warrant filed by the Southern District of Texas alleging Failure to Notify of Change in Address.

05/01/2019: Transfer of Jurisdiction from Southern District of Texas to Eastern District of California.

05/14/2019: Superseding Prob 12C Petition for Warrant filed alleging Failure to Notify of Law Enforcement Contact; New Law Violation; and Associating with Prohibited Person.

Page **1** of **10**   PROB 12C
(07/13)

**PETITIONING THE COURT**

☒ **OTHER: Offender to be arraigned on July 15, 2019, before the Honorable Carolyn K. Delaney, on the Second Superseding Violation/Warrant petition, adding Charge 5.**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

| **Charge Number** | **Nature of Violation** |
|---|---|

**Charge 1:**          **FAILURE TO NOTIFY CHANGE OF ADDRESS**

On March 15, 2019, Senior United States Probation Officer Garey White attempted to contact Ryan Taylor at his listed address but was told by family that he had moved out weeks prior and his whereabouts were unknown. This is in violation of standard condition number 6, which states, *"the defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*

**Charge 2:**          **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**

On April 5, 2019, Ryan Taylor was arrested by officers from the Lincoln, California, Police Department on fraud and identity theft allegations. Mr. Taylor never reported this law enforcement contact to the probation officer. This is in violation of standard condition number 11, which states, *"the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*

**Charge 3:**          **NEW LAW VIOLATION**

On or about April 9, 2019, a Complaint was filed in Placer County Superior Court charging Mr. Taylor with felony allegations of Fraudulent Possession of Personal Identifying Information of Ten or More Victims, Unlawful Use of Personal Identifying Information, Possession of a Forged Instrument, Fraudulent Possession of a Blank Check, Money Order or Bill as well as Receiving Stolen Property. This is in violation of the mandatory condition which states, *"The defendant shall not commit another federal, state or local crime."*

**Charge 4:**          **ASSOCIATING WITH PROHIBITED PERSON**

On April 5, 2019, Ryan Taylor was arrested by officers from the Lincoln, California, Police Department. At that time, he was accompanied by M.M. whom he knew was a fugitive and under probation supervision. This is in violation of standard condition number 9, which states, *"the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."*

**Charge 5:**            **NEW LAW VIOLATION**

In June 2019, the Superior Court in Shasta County issued an arrest warrant for Ryan Taylor after a criminal report was taken by the Anderson Police Department on March 22, 2019, alleging Taylor burglarized a local gas station, stealing roughly $5,000 worth of lottery tickets. This is in violation of the mandatory condition which states, *"The defendant shall not commit another federal, state or local crime."*

**Justification:** On March 16, 2016, Ryan Taylor was sentenced to 40 months custody of the Bureau of Prisons, followed by three years supervised release after he admitted violating sections 18 U.S.C. §§ 1029(a)(2) and 1029(c)(1)(A)(i), Credit Card Fraud and 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft. Supervision of his case began on December 6, 2017, by the Eastern District of California Probation Office.

During his time under supervision, Mr. Taylor was able to secure full-time employment and completed outpatient drug/alcohol counseling, while residing with his mother in Sacramento, California. In late February 2019, through March 15, 2019, multiple attempts were made by the undersigned to contact Mr. Taylor at his listed address, with negative results. On March 15, 2019, the probation officer contacted Mr. Taylor's mother, who conceded her son had moved out weeks prior and she did not know where he was living. Telephone calls were placed to Mr. Taylor's phone; however, the offender never returned the calls as directed by the probation officer (Charge 1).

As the Southern District of Texas held jurisdiction of the case, a request for warrant was sent to the probation office in the Southern District of Texas. On April 24, 2019, the warrant was filed and transfer of jurisdiction to the Eastern District of California was initiated, as the offender has no ties to their area.

On April 5, 2019, while in abscond and prior to the warrant being filed by Texas authorities, the offender was arrested by officers from the Lincoln, California, Police Department on charges of Fraud and Identity Theft (Charge 2). According to the police report, officers were dispatched to a local Target store to investigate two suspicious individuals. Mr. Taylor was contacted by officers while standing next to his vehicle, outside of the Target store. After consenting to a search of his vehicle, officers located checks and credit cards for multiple individuals who had already filed reports claiming to be the victims of identity theft. In addition, officers located several programs they believe Mr. Taylor used to produce checks and scan credit cards. A record check of the individual (M.M.), who was accompanying Mr. Taylor, was found to have three local warrants and under supervision by the El Dorado County Probation Department. Mr. Taylor admitted knowing she was a fugitive and having warrants for her arrest (Charge 4). Both individuals were subsequently arrested and booked into the Placer County Jail. Following his booking, Mr. Taylor posted bail prior to Texas officials signing the warrant. Several weeks later, Mr. Taylor was arrested by local authorities on the outstanding federal warrant.

A complaint has been filed by the Placer County District Attorney's Office alleging Fraudulent Possession of Personal Identifying Information of Ten or More Victims, Unlawful Use of Personal Identifying Information, Possession of a Forged Instrument, Fraudulent Possession of a Blank Check, Money Order or Bill and Receiving Stolen Property (Charge 3).

On June 28, 2019, the United States Probation Office received a police report from the Anderson Police Department. That report states on March 22, 2019, Ryan Taylor committed burglary by breaking into a local gas station and stealing over $5,000 in lottery tickets, before fleeing the scene (Charge 5). A warrant for Mr. Taylor's arrest was issued by the Shasta County District Attorney's Office in June 2019.

**Detention:**  On May 16, 2019, Mr. Taylor was arraigned by the Honorable Allison Claire on the first superseding warrant petition filed May 14, 2019 and ordered detained. In addition to absconding from supervision, the offender is alleged to have committed new law violations while in abscond. As such, it is respectfully requested Mr. Taylor remain detained throughout all court proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:** July 8, 2019
Sacramento, California
GRW:cd

Respectfully submitted,

**Garey White**
**Sr. United States Probation Officer**
Telephone: (916) 930-4315

**DATED:**  7/8/2019

Reviewed by,

**Ronnie Preap**
**Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ The issuance of a warrant.

☐ The issuance of a summons.

☒ **Other:  Offender to be arraigned on July 15, 2019, before the Honorable Carolyn K. Delaney, on the Second Superseding Violation/Warrant petition, adding Charge 5.**

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☐ Initial appearance and detention hearing before Magistrate Judge.

**DATED:  7/8/2019**  /s/ John A. Mendez

John A. Mendez, U. S. District Court Judge

CC:

United States Probation

Assistant United States Attorney: Michael Redding

United States Marshal Service

# SECOND SUPERSEDING STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Judge John A. Mendez
United States District Judge
Sacramento, California

                          RE:    Ryan Taylor
                                   Docket Number: 0972 2:19CR00078-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     **FAILURE TO NOTIFY CHANGE OF ADDRESS**

    a. **Evidence:**

        i. None

    b. **Witnesses:**

        i. Senior United States Probation Officer Garey White will testify to the offender's change of residence without prior approval from the probation office.

**Charge 2:**     **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**

    a. **Evidence:**

        i. Lincoln Police Department report# 19-598.

    b. **Witnesses:**

        i. Officers from the Lincoln Police Department will testify to the contents of their crime report.

**Charge 3:    NEW LAW VIOLATION**

    a. **Evidence:**

        i. Charging document (Complaint) filed by the Placer County District Attorney's Office in April of 2019.

    b. **Witnesses:**

        i. None

**Charge 4:    ASSOCIATING WITH PROHIBITED PERSON**

    a. **Evidence:**

        i. Lincoln Police Department crime report# 19-598.

    b. **Witnesses:**

        i. Officers from the Lincoln Police Department will testify to the contents of their report.

**Charge 5:    NEW LAW VIOLATION**

    a. Evidence:

        i. Anderson Police Department crime report# 19-3779.

    b. Witnesses:

        i. Officers from the Anderson Police Department will testify to the contents of their report.

Respectfully submitted,

*Garey White*

**Garey White**
**Sr. United States Probation Officer**
Telephone: (916) 930-4315

**DATED:** 7/2/2019
Sacramento, California
GRW/cd

Reviewed by,

_____
**Ronnie Preap**
**Supervising United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**   Ryan  Taylor            **Docket Number:**   0972 2:19CR00078-01

**Date of Original Offense:**   10/23/2014

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** II

**Chapter 7 range of imprisonment:** 6 **to** 12 **months**

**Maximum term on revocation - 18 USC 3583(e)(3):**

- ☐   **Class A felony - 5 years**
- ☐   **Class B felony - 3 years**
- ☒   **Class C and/or D felony - 2 years**
- ☐   **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES: ☐   NO: ☒**

**<u>Original offense committed on or after 04/30/2003</u>**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## <u>MANDATORY REVOCATION ISSUES</u>

**<u>Original offense committed after 09/13/94:</u>**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.